(No. 6631—Decided July 5, 1961.)

*Mr. Earl W. Allison,* prosecuting attorney, and *Mr. Fred L. Newsom, Jr.,* for appellee.

*Mr. Abraham Gertner,* for appellant.

DUFFY, J. The defendant, appellant herein, was indicted on three counts, and upon trial the jury found him guilty of larceny (Section 2907.20, Revised Code), and of forcing an entrance into a depository box or safe (Section 2907.12, Revised Code). He received consecutive sentences to the Ohio Penitentiary.

In appealing to this court, he has made the following assignments of error:

"1. The court erred in overruling the defendant's motion for an order to permit the inspection of the safe, which was necessary in order to properly prepare for trial.

"2. The court erred in the admission of testimony concern-

*Motion for leave to appeal overruled, January 17, 1962. Appeal dismissed, 173 Ohio St., 176.

ing the condition of the safe because the safe was not introduced into evidence at the trial and appellant had no opportunity to have it examined.

"3. The court erred in the admission of other evidence.

"4. By being deprived of the opportunity of examining the safe by experts of his own choice, appellant was denied the opportunity to appear and defend in person and with counsel, contrary to Article I, Section 10, of the Ohio Constitution, and was denied a fair trial contrary to the due process of law provisions of the Fourteenth Amendment to the United States Constitution and the due course of law clause of Article I, Section 16, of the Ohio Constitution.

"5. The court erred in sustaining objections where none were made.

"6. The court erred in overruling the motion of defendant to dismiss at the end of the state's case.

"7. The court erred in instructing the jury on conspiracy.

"8. The judgment was contrary to law and against the weight of the evidence."

A review of the record indicates that, following indictment by the grand jury, the defendant filed a motion in the Court of Common Pleas on March 11, 1960, in which he asked the court "for an order allowing a chemist selected by the defendant to inspect and examine the safe belonging to Chapman Motor Rebuilders which the defendant is alleged to have burglarized."

It appears that at the preliminary hearing the prosecution offered testimony indicating that a pellet of the safe lining one millimeter square was found in the right pocket of defendant's jacket, and this pellet was alleged to have come from a Diebold safe owned by Chapman Motor Rebuilders which was burglarized on January 16, 1960. In his memorandum, the attorney for the defendant stated that:

"As the state bases its case solely on the chemical similarity of the safe lining to the pellet alleged to have been found on the defendant, it is only fair that the defendant's chemist be allowed the same right of inspection already exercised by the state. If the defendant is forced to wait until trial to learn the contents of the safe lining, he is deprived of any effective opportunity to present his own scientific evidence."

The attorney for the defendant referred to Section 2317.33,

Revised Code, which provides that either party may demand of the adverse party an inspection and copy, or permission to take a copy, of a book, paper, or document in his possession or under his control. While he did not contend that that section specifically granted the defendant the right to inspect the safe he did feel that it was strong evidence of legislative intention to permit the defendant to have an opportunity to examine evidence which he must meet. The motion was opposed by the prosecutor and was overruled by the court on September 20, 1960.

On September 23, 1960, the defendant filed a notice of proof of alibi, and trial was commenced on September 28, 1960. The first witness was the manager and part-owner of Chapman Motor Rebuilders, whose establishment had been burglarized on January 16, 1960, and whose safe was stolen. He testified that approximately ten days after the burglary the safe was returned to them by the police department and the safe was sent to their home office in Cleveland, Ohio, where it was repaired and is being used.

While we believe that the defense should have an opportunity to inspect or examine such prospective evidence if it is in the hands of the prosecution, the facts in the record indicate that at the time the motion was made, and at the time the motion was decided by the court, the property had already been returned to the owner and the sustaining of the motion would not have accomplished the aim of the defendant. Therefore, we cannot say, based on the facts in this case, that the overruling of the motion was prejudicial to the defendant. There is no showing that the safe was returned with the idea of defeating any attempt by the defendant to inspect it.

The state did offer into evidence a specimen of the safe-lining material, and a chemist who obtained the specimen did render an opinion that the safe lining material found in defendant's jacket was the same as the safe lining material taken from the safe of the Chapman Motor Rebuilders. The court gave the defendant the opportunity to have the state's exhibits examined but the defendant stated that he did not wish to have the particles in the state's exhibits examined but wished to have the safe examined. Several times during the trial the attorney for the defendant objected to any testimony regarding

the safe, particularly as to photographs of the safe, and as to evidence dealing with the safe lining, because they had not had an opportunity to examine the safe. At the end of the defendant's case, and before resting, counsel for the defendant stated:

"I would like to move to examine the safe itself."

To that, the court replied:

"My goodness. The testimony now shows that the safe is in Cleveland. How am I going to get it here?"

The attorney then stated:

"Well, I don't know, but I would like to have that motion in the record."

The court then stated:

"I think you are too late with that motion. The testimony is that the safe is in Cuyahoga County. That motion will have to be overruled."

It is apparent from our review of the record that the defendant was attempting to preserve any grounds for appeal because of the overruling of the preliminary motion in which he asked that their chemist be given an opportunity to examine the stolen safe, even though he had learned at the beginning of the trial that the safe was not in Franklin County, and there was nothing to indicate that the safe itself would be produced in the courtroom. If the safe had been in the hands of the prosecution at the time of the preliminary motion or at any time during the trial of the case, we believe it would be proper to ask the court for an order permitting an examination of the safe. However, on discovery that the safe is in a county more than 100 miles away, the defendant should follow the processes provided by law in order to bring evidence from a distant county into court for use in a criminal case. See Section 2945.45, Revised Code.

In the rulings on motions in regard to examination of the safe, it would appear that the trial court exercised its discretion and from a review of the entire record we cannot say that there was an abuse of discretion, particularly since there is nothing in the file to indicate that there was any reason for the court to believe that the safe lining obtained by the police chemist and offered into evidence was not safe lining from the safe which had been broken into. Defendant could have subpoenaed the safe had he thought it essential to his defense.

Having considered the other assigned errors they will be overruled, and judgment of the trial court will be affirmed.

*Judgment affirmed.*

BRYANT, J., concurs.

DUFFEY, P. J., concurring in judgment. The law of Ohio gives the trial court discretionary power to refuse the accused a right to examine physical evidence in the hands of the state prior to trial. This doctrine is an arbitrary segment of the archaic English common-law rules of pre-trial discovery—rules which were themselves arbitrary in their inception.

But even under the present law, discretion must be reasonably exercised. The only facts known to the lower court at the hearing of the motion of March 11 afforded no reasonable ground to refuse the accused the right of inspection. I do not agree that *simply* because the particular relief requested in the motion was moot at the time it was ruled upon makes that overruling nonprejudicial. The ruling of the court did in fact operate to hide the true location of the safe from the accused until the day the trial opened.

If there were any indication in the record that the prosecutor's office or the police department deliberately attempted to hide from the accused the location of the safe, I would reverse. The mere fact of the obstruction to the preparation of the defense, regardless of its cause, is a very serious matter. In the present case, the defendant did have an opportunity during trial to test the chemical analysis relied upon by the prosecution. The particle allegedly found on the defendant and the comparison sample were available. With respect to the safe itself, the defendant learned of its whereabouts on the first day of trial. Nothing in the record indicates that the action of the police in releasing it to the owner, and its subsequent repair, destroyed its usefulness to the defense. Thus, if the defendant wished to challenge the identity of the prosecution's comparison sample, or simply examine the safe for what it might reveal, a subpoena could have been obtained and, if necessary, a continuance requested. On this record I cannot find that the obstruction to the preparation of the defendant's case prejudiced him in the trial. For this reason I concur that the

overruling of the motion of March 11 was erroneous but not prejudicial.

I also concur with the principal opinion that the motion made at the end of defendant's case was improper, and that the other errors assigned must be overruled.